The court,
(Wat.es, Bat, Brevard, and Wilds, Justices,)
were of opinion, the motion could be heard and decided, notwithstanding the death of one of the parties, as the act of Í785 provides for such cases, and does not require any process to revive the action, or give notice to the representatives of the deceased party : and also that the 56th rule is void, being contrary to this provision of the act of 1785. The court also inclined to think the 50th rule was unnecessary, as the court may, in every case where it is proper and necessary, direct (he judgment to be entered up, (after the determination of a motion,) nunc pro tunc. They however declared, that by the constitution and laws of the State, every man had a right to have iiis cause reviewed by the judges, at their meetings under the constitution, provided he should conform to such rules and orders of court, as aie made, (and which are proper and necessary,) in order to bring his motion before the judges ; and therefore, until the final decision of the cause, no final judgment can be entered up. The court, however, by sanctioning and affirming the former judgment entered up under the 50th rule, may give it the effect of a judgment entered up nunc pro tunc: and perhaps may, With equal justice and propriety, sanction the issuing ot an execu. tion prior to the final decision, winch may be rendered good by relation. But the court did not give any decided opinion as to these last points, as it was not necessary, in the decision of the quesiion immediately before the court. It was ruled that the motion should be heard, as if both parties were alive. An argument then took place upon the principal questions in th*- cause, and the court decided that a new trial should not be granted. There was no point of consequence worth noting down, which occurred in the argument or adjudication of the case, upon the principal motion.
Note. Error. Judgment affirmed. It was alleged, that since the time when tile court took to advise, the defendant in error was dead; and therefore it wa$ *503 played that judgment might be entered nunc pro tunc, which was done accordingly. Cumber v. Wane, 1 Stra. 426. See Barnes, 186. 1 Burr. 414. 1 Bl. Rep. 95.
See 3 Caines’ N. Y. T. R. 106 Bird, Savage & Bird v. Pierpont. Motion to enter up judgment on a verdict, after case moved to the supreme court, in order te bind the defendant’s landsobjected that it might as well be asked on suing the writ. That it was in effect requiring the defendant to give a mortgage, before it is determined the plaintiff has any vig-ht. The lapse of time before a decision, and that defendant would suffer no inconvenience by the motion, were reasons urged in support of the motion. Sed per curiam. The motion cannot be granted. It would be a mischievous and troublesome practice. A verdict is no evidence of right The delay is net a good reason: it occurs in other eases, equally inconvenient. There is no such practice in England. See Wood v Gulston Style, 466 1 Burr 334
M’Cants & al. v. Rogers, decided at Columbia, April, 1813. A conditional judgment entered up, and execution pending an appeal in the constitutional-court, were preferred to another judgment and execution, which had been en-' tered up and issued pending the appeal, but after the conditional judgment.-